IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUL -7  AM 7: 19

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| TRADEWINDS ENVIRONMENTAL RESTORATION, INC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>BIOMEDICAL APPLICATIONS OF )<br>LOUISIANA, INC., d/b/a FRESENIUS )<br>MEDICAL CARE, N.A. )<br>Defendant. )<br>_____ ) | CIVIL ACTION FILE<br><br>NO.  06-1093, Section "L" (2) |

## FIRST AMENDED AND RESTATED COMPLAINT

COMES NOW, TRADEWINDS ENVIRONMENTAL RESTORATION, INC. and for its Complaint against BIOMEDICAL APPLICATIONS OF LOUISIANA, INC., d/b/a FRESENIUS MEDICAL CARE, N. A. K does state as follows:

### PARTIES, JURISDICTION AND VENUE

1.

TRADEWINDS ENVIRONMENTAL RESTORATION, INC. is a New York corporation with its office and principal place of business at Sweenedale Avenue, Bay Shore, N.Y. 11706.

Page -1-

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

2.

BIOMEDICAL APPLICATIONS OF LOUISIANA, INC., is a Louisiana corporation doing business as Fresenius Medical Care, N.A., in the Eastern District of Louisiana.

3.

The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.

Venue is proper in this Court pursuant to U.S.C 28 § 1391.

## FACTUAL ALLEGATIONS

5.

Tradewinds Environmental Restoration, Inc. (hereinafter "Tradewinds"), is engaged in the business of remediation, restoration and emergency response.

6.

On or about October 3, 2005, Defendants entered into a written contract and agreement (hereinafter "Franklin Avenue Agreement") with Tradewinds wherein Tradewinds agreed to perform certain emergency remediation work in connection

with damage caused by Hurricane Katrina at property located at 1701 Franklin Avenue, New Orleans, Louisiana, owned by defendants.

7.

The total of the invoices for the work performed on the Franklin Avenue Property is $57,799.05. Defendant made a partial payment totaling $20,000.00 leaving an unpaid balance of $37,799.05.

8.

On or about October 19, Defendants entered into a written contract and agreement (hereinafter "Solidell Drive Agreement") with Tradewinds wherein Tradewinds agreed to perform certain emergency remediation work in connection with damage caused by Hurricane Katrina at property located at 120 E. Solidell Drive, Chalmette, Louisiana, owned by Defendants.

9.

The total of the invoices for the work performed on the Solidell Drive Property is $75,940.60. Defendant made a partial payment totaling $20,000.00 leaving an unpaid balance of $55,940.60.

10.

On or about October 9, 2005, Defendants entered into a written contract and agreement (hereinafter "Bundy Road Agreement") with Tradewinds wherein

Tradewinds agreed to perform certain emergency remediation work in connection with damage caused by Hurricane Katrina at property located at 5725 Bundy Road, New Orleans, Louisiana, owned by Defendants.

11.

The total of the invoices for the work performed on the Bundy Road Property is $300,394.49. Defendant made a partial payment totaling $20,000.00 leaving an unpaid balance of $280,394.49.

12.

On or about September 30, 2005, defendant entered into a written contract and agreement, hereinafter "Drinkwater Blvd." with Tradewinds wherein Tradewinds agreed to perform certain emergency remediation work in connection with damage caused by Hurricane Katrina at property located at 300 Drinkwater Blvd., Bay St. Louis, Mississippi owned by the defendant.

13.

The total of the invoices for the work performed on the Bay St. Louis property is $51,467.13. Defendants made partial payment totaling $20,000.00 leaving an unpaid balance of $31,468.13.

14.

Pursuant to the Agreements, Defendant acknowledged that all amounts invoiced

are due and payable upon receipt. If any items are in dispute, owner shall notify the project manager in writing within ten days of receipt of the invoice."

15.

Pursuant to the Agreement and as requested by defendants, Tradewinds performed emergency services and other improvements to the properties and invoiced Defendant for all work performed.

16.

Although Defendant requested the services, obligated itself to pay such services, and received such services, it has failed to make full payment to Tradewinds and has made no complaints regarding any of the work performed.

17.

Defendant is in breach of its contracts and Agreements with Tradewinds for its failure to make payments for the services it requested and received.

18.

Further, the Agreements between the parties provided for payment of attorneys' fees, lien fees and any other related costs should the Defendant fail to pay as required under the Agreements.

19.

Tradewinds has a privilege on the properties identified in this Complaint pursuant to La. R.S. 9:4801 *et seq*. Tradewinds properly and timely filed statements of its claims and privileges and herein seek to enforce all claims and privileges they have against the Defendant and the immoveable properties identified in this Complaint.

20.

Alternatively, the Defendant failed to pay on an open account, and pursuant to La. R.S. 9.2781, are liable for attorney fees for the prosecution and collection of this claim.

21.

Alternatively, Defendant has been unjustly enriched at the expense and to the detriment of Tradewinds for the services that were provided to and accepted by Defendant.

WHEREFORE, Tradewinds Environmental Restoration, Inc., prays that this Complaint be served upon BIOMEDICAL APPLICATIONS OF LOUISIANA, INC. D/B/A FRESENIUS MEDICAL CARE, N.A. and that after due proceedings had, there be judgment in favor of Tradewinds Environmental Restoration, Inc. for all

damages including but not limited to $405,602.20 plus interest, costs and attorneys' fees.

Tradewinds Environmental Restoration, Inc., further prays that it's privileges on the above described immovable property be recognized and enforced; and that the property in due course be seized and sold in order to satisfy Tradewinds Environmental Restoration, Inc. claims, and that the proceeds be applied to the payment of such claims in preference and priority to all others; and for all costs of said proceedings, and for all other just and equitable relief deemed reasonable on the premise.

Respectfully submitted:

**LAW OFFICES OF FRED L. HERMAN**

By: _____
FRED L. HERMAN (Bar# 6811)
THOMAS J. BARBERA (Bar# 18719)
1010 Common Street, Suite 3000
New Orleans, LA 70112-2401
Telephone: (504) 581-7070
Telefax: (504) 581-7083
Attorneys for TRADEWINDS
ENVIRONMENTAL RESTORATION, INC.