# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

### NEW ORLEANS DIVISION

| | | |
|---|---|---|
| **TRADEWINDS ENVIRONMENTAL RESTORATION, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **BIO-MEDICAL APPLICATIONS OF LOUISIANA, INC. d/b/a FRESENIUS MEDICAL CARE, N.A.** | ) | **No. 06-1093** |
| | ) | **Section "L" (2)** |
| **Defendant.** | ) | |
| _____ | ) | |

## SECOND AMENDED ANSWER TO FIRST AMENDED AND RESTATED COMPLAINT, AFFIRMATIVE DEFENSES AND DEMAND FOR TRIAL BY JURY

**NOW INTO COURT**, through undersigned counsel, comes defendant, Bio-Medical Applications of Louisiana, Inc. ("BMA"), who in answer to the plaintiff, Tradewinds Environmental Restoration, Inc.'s ("Plaintiff" or "Tradewinds"), First Amended and Restated Complaint ("the Complaint") avers and pleads as follows:

## FIRST DEFENSE

As an affirmative defense, BMA pleads fraud on the part of Plaintiff pursuant to La. Civil Code Art. 1953.  Plaintiff has fraudulently attempted to invoice BMA for labor and services it never rendered and for materials and equipment it never used or consumed on the remediation projects made subject of this suit.

**SECOND DEFENSE**

By way of further defense, if such be necessary, Defendant pleads failure of consideration.

**THIRD DEFENSE**

By way of further defense, if such be necessary, Defendant pleads mistake of fact.

**FOURTH DEFENSE**

By way of further defense, if such be necessary, Defendant pleads breach of contract on the part of Plaintiff in that it failed to perform its work in accordance with certain implied duties of good faith and in a good and workmanlike manner.

**FIFTH DEFENSE**

Tradewinds violated the Louisiana usury law, La. R.S. 9:3500 *et seq.* by charging a 1.5% (18% per annum) "handling charge" on all balances not paid within thirty (30) days.

**SIXTH DEFENSE**

Tradewinds' charges for the emergency remediation services it performed as a result of damage sustained by Hurricane Katrina exceed the fair market value for such services, are unconscionable and/or are violative of the Louisiana price gouging statutes, La. R.S. 29:732.

**SEVENTH DEFENSE**

Tradewinds was not licensed as a contractor or as a mold remediation contractor in the State of Louisiana at any time relevant hereto, and unlawfully engaged in the business of being a contractor and mold remediation contractor without authority from the State of Louisiana Licensing Board for Contractors. As such, any purported contracts between Tradewinds and BMA are null and void as a matter of law.

## EIGHTH DEFENSE

Tradewinds' lien affidavit made subject of its suit is invalid as Tradewinds failed to file a Notice of Contract prior to performing work on any of the subject projects, which is a requirement under the Louisiana Private Works Act, La. R.S. 9:4801, *et seq.*  The Recorder of Mortgages for the parishes in which said lien affidavits were filed should be instructed to strike such lien affidavits from the mortgage records and revise the records to reflect that the lien affidavits filed by Tradewinds have been cancelled.

## NINTH DEFENSE

In answer to the particular allegations contained in the Plaintiffs' Complaint, Defendant denies each and every allegation contained therein unless hereinafter specifically admitted. Now, answering the specific allegations of the Complaint, Defendant, avers as follows:

1.

In answering Paragraph 1 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the statements contained therein and is therefore unable to admit or deny such statements.

2.

Defendant admits its name, status and domicile.

3.

Defendant admits that jurisdiction is proper in this Court.

4.

Defendant admits the venue is proper in this Court.

5.

In answering the allegations contained in Paragraph 5 of the Complaint, Defendant will only admit that Defendant engaged Plaintiff to perform demolition, clean-up and remediation work with respect to certain leaseholds damaged by Hurricane Katrina.  All other allegations contained in Paragraph 5 are denied for lack of specific information or knowledge.

6.

In answering the allegations contained in Paragraph 6 of the Complaint, Defendant admits that it entered into an agreement with Plaintiff whereby Plaintiff was to perform demolition, clean-up and remediation work on certain property located at 1701 Franklin Avenue, New Orleans, Louisiana, which is leased by Defendant, based on an estimated price given by Plaintiff. All other allegations contained in Paragraph 6 of the Complaint are denied.

7.

In answering the allegations contained in Paragraph 7 of the Complaint, Defendant admits that the total amount invoiced by Plaintiff for alleged work on the Franklin Avenue Property was $57,779.05. Defendant further admits that it has paid Plaintiff $20,000.00.  All other allegations contained in Paragraph 7 of the Complaint are denied.

8.

In answering the allegations contained in Paragraph 8 of the Complaint, Defendant admits that it entered into an agreement with Plaintiff whereby Plaintiff was to perform demolition, clean-up and remediation work on certain property located at 120 E. Solidell Drive, Chalmette, Louisiana, which is leased by Defendant, based on an estimated price given by Plaintiff.  All other allegations contained in Paragraph 8 of the Complaint are denied.

9.

In answering the allegations contained in Paragraph 9 of the Complaint, Defendant admits that the total amount invoiced by Plaintiff for alleged work on the Solidell Drive Property was $75,940.60.  Defendant further admits that it has paid Plaintiff $20,000.00 for such work. All other allegations contained in Paragraph 7 of the Complaint are denied.

10.

In answering the allegations contained in Paragraph 10 of the Complaint, Defendant admits that it entered into an agreement with Plaintiff whereby Plaintiff was to perform demolition, clean-up and remediation work on certain property located at 5725 Bundy Road, New Orleans, Louisiana, which is leased by Defendant, based on an estimated price given by Plaintiff.  All other allegations contained in Paragraph 10 of the Complaint are denied.

11.

In answering the allegations contained in Paragraph 11 of the Complaint, Defendant admits that the total amount invoiced by Plaintiff for alleged work on the Bundy Road Property was $300,394.49.  Defendant further admits that it has paid Plaintiff $20,000.00 for such work. All other allegations contained in Paragraph 11 of the Complaint are denied.

12.

In answering the allegations contained in Paragraph 12 of the Complaint, Defendant admits that it entered into an agreement with Plaintiff whereby Plaintiff was to perform demolition, clean-up and remediation work on certain property located at 300 Drinkwater Boulevard, Bay St. Louis, Mississippi, which is leased by Defendant, based on an estimated price given by Plaintiff.  All other allegations contained in Paragraph 12 of the Complaint are denied.

13.

In answering the allegations contained in Paragraph 13 of the Complaint, Defendant admits that the total amount invoiced by Plaintiff for alleged work on the Drinkwater Boulevard Property was $51,467.13.  Defendant further admits that it has paid Plaintiff $20,000.00 for such work.  All other allegations contained in Paragraph 13 of the Complaint are denied.

14.

Defendant denies the allegations in Paragraph 14 of the Complaint as written and further states the agreements entered into between Plaintiff and Defendant were fraudulently induced and breached by Plaintiff.

15.

Defendant admits that Plaintiff performed some demolition, clean-up and remediation work at properties leased by Defendant and that it received inflated and overstated invoices from Plaintiff that grossly exceeded the estimates given by Plaintiff for such work.   All other allegations contained in Paragraph 15 of the Complaint are denied.

16.

Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.

Defendant denies the allegations contained in Paragraph 18 of the Complaint as written.

19.

Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.

Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.

Defendant specifically prays for a trial by jury on all issues herein.

**WHEREFORE**, Defendant, Bio-Medical Applications of Louisiana, Inc., prays that its amended Answer be deemed good and sufficient and after due proceedings, and trial by jury, that there be judgment herein in favor of defendant, and for its attorneys fees, and against the plaintiff dismissing its demands with prejudice at its own costs.

**TAYLOR, PORTER, BROOKS, & PHILLIPS L.L.P.**

**BY:**      **s/ Edward J. Laperouse, II**
      **Edward J. Laperouse, II (#29310)**
      **Erick Y. Miyagi (#22533)**
      **451 Florida Street, 8th Floor (70801)**
      **Post Office Box 2471**
      **Baton Rouge, LA  70821**
      **Telephone:  225-387-3221**
      **Telecopier:  225-346-8049**
**Attorneys for Bio-Medical Applications of Louisiana, Inc.**

**- CERTIFICATE -**

I hereby certify that on October 31, 2006 I electronically filed the foregoing with the Clerk of Court for the United States District Court, Eastern District of Louisiana, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means:

       Mr. Fred L. Herman
       Mr. Thomas J. Barbera
       Law Offices of Fred L. Herman
       1010 Common Street
       Suite 3000
       New Orleans, LA 70112-2401

             **s/ Edward J. Laperouse, II**
             **Edward J. Laperouse, II**

384710v.2